## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **CORRINE COLLINS as P/N/G of A.W., J.W.,** | : | |
| **M.W., R.W., and S.W.,** | : | **PHILADELPHIA COUNTY** |
|  | : | **COURT OF COMMON PLEAS** |
| **Plaintiffs,** | : | |
|  | : | **MAY TERM 2023** |
| **v.** | : | No. 230500121 |
|  | : | |
| **CITY OF PHILADELPHIA, *et al*.** | : | |
|  | : | |
| **Defendants.** | : | |
|  | : | |

### NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia and Karen Bernardino, (hereinafter "petitioners"), through their counsel, Jonah Santiago-Pagán, Assistant City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, petitioners state the following:

1. On May 1, 2023, the plaintiffs initiated this action by Writ of Summons in the Court of Common Pleas in Philadelphia, May Term, 2023; No. 230500121. (Exhibit "A.")

2. On September 15, 2023, the plaintiffs filed the Complaint in this action. (Exhibit "B.")

3. On September 21, 2023, the plaintiffs filed a Praecipe to reinstate the Complaint for an additional thirty (30) days. (Exhibit "B.")

4. In Count II and V of the Complaint, the plaintiffs seek relief against the petitioners pursuant to 42 U.S.C. § 1983 for alleged deprivations of their civil rights protected by the Constitution of the United States. (Id.)

5. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

7.      True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "C," will be served upon the plaintiffs and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

8.      In filing this Notice of Removal, the petitioner does not waive any available defenses in this action.

**WHEREFORE,** petitioners, City of Philadelphia and Karen Bernardino, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Anne B. Taylor
Chief Deputy City Solicitor

Date: <u>October 2, 2023</u>          BY:     <u>*/s/ Jonah Santiago-Pagán*</u>
Jonah Santiago-Pagán, Esq.
Assistant City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5428 (phone)
jonah.santiago-pagan@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORRINE COLLINS** as P/N/G of A.W., J.W., M.W., R.W., and S.W., | : : : | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS** |
| **Plaintiffs,** | : : | **MAY TERM 2023** |
| **v.** | : : | **No. 230500121** |
| **CITY OF PHILADELPHIA,** *et al.* | : : | |
| **Defendants.** | : : | |

## NOTICE OF FILING OF REMOVAL

TO: **THE LAW OFFICE OF JARED S. ZAFRAN, LLC**
Jared S. Zafran, Esquire
A.J. Thomson, Esquire
1500 Walnut Street, Suite 500
Philadelphia, PA 19102

PLEASE TAKE NOTICE THAT on October 2, 2023, the defendants, City of Philadelphia and Karen Bernardino, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

*/s/ Jonah Santiago-Pagán*
Jonah Santiago-Pagán, Esq.
Assistant City Solicitor
Pa. Attorney ID No. 326442
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5428 (phone)
jonah.santiago-pagan@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **CORRINE COLLINS** as P/N/G of A.W., J.W., M.W., R.W., and S.W., | : : : | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS** |
| **Plaintiffs,** | : : | **MAY TERM 2023** |
| **v.** | : : | **No. 230500121** |
| **CITY OF PHILADELPHIA,** *et al.* | : : | |
| **Defendants.** | : : | |

## CERTIFICATE OF SERVICE

I, Jonah Santiago-Pagán, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the plaintiff's attorney on the date indicated below via email:

TO:  **THE LAW OFFICE OF JARED S. ZAFRAN, LLC**
Jared S. Zafran, Esquire
A.J. Thomson, Esquire
1500 Walnut Street, Suite 500
Philadelphia, PA 19102

*/s/ Jonah Santiago-Pagán*
Jonah Santiago-Pagán, Esq.
Assistant City Solicitor
Pa. Attorney ID No. 326442

Date: October 2, 2023

Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2023**

E-Filing Number: 2305002799

**00121**

| | |
|---|---|
| PLAINTIFF'S NAME<br>CORINNE COLLINS | DEFENDANT'S NAME<br>CITY OF PHILADELPHIA DEPARTMENT OF HUMAN SERVICES |
| PLAINTIFF'S ADDRESS<br>5 ACAPELLA COURT<br>NEWARK DE 19713 | DEFENDANT'S ADDRESS<br>1515 ARCH STREET<br>PHILADELPHIA PA 19102 |
| PLAINTIFF'S NAME<br>S W | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS<br>5 ACAPELLA COURT<br>NEWARK DE 19713 | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME<br>A W | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS<br>5 ACAPELLA COURT<br>NEWARK DE 19713 | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 6 | 1 | ☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2O - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>MAY **01** 2023<br>**G. IMPERATO** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES            NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>CORINNE COLLINS , S W , A W , J W ,</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JARED S. ZAFRAN | ADDRESS<br>LAW OFFICE OF JARED S ZAFRAN<br>1500 WALNUT ST<br>SUITE 500 |
|---|---|
| PHONE NUMBER<br>(215)587-0038 | FAX NUMBER<br>(215)587-0030 | |
| SUPREME COURT IDENTIFICATION NO.<br>208269 | E-MAIL ADDRESS<br>jared@zafranlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>JARED ZAFRAN | DATE SUBMITTED<br>Monday, May 01, 2023, 03:36 pm |

**COMPLETE LIST OF PLAINTIFFS:**

1. CORINNE COLLINS
   5 ACAPELLA COURT
   NEWARK DE 19713

2. S W
   5 ACAPELLA COURT
   NEWARK DE 19713

3. A W
   5 ACAPELLA COURT
   NEWARK DE 19713

4. J W
   5 ACAPELLA COURT
   NEWARK DE 19713

5. M W
   5 ACAPELLA COURT
   NEWARK DE 19713

6. R W
   5 ACAPELLA COURT
   NEWARK DE 19713

**LAW OFFICE OF JARED S. ZAFRAN, LLC**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
(215) 587-0038
Email: jared@jaredzafranlaw.com

*Filed and Attested by the Office of Judicial Records 01 MAY 2023 03:36 pm G. IMPERATO*

Attorney for Plaintiff

| | |
|---|---|
| CORINNE COLLINS, as Parent and Natural: | COURT OF COMMON PLEAS |
| Guardian of S.W., A.W., J.W., M.W., and  : | PHILADELPHIA COUNTY, PA |
| R.W., minors                                           : | CIVIL ACTION |
| 5 Acapella Court                                       : | |
| Newark, DE 19713                                   : | May Term, 2023 |
| *Plaintiff*           : | |
| vs.                          : | No.: _____ |
| : | |
| CITY OF PHILADELPHIA                     : | |
| Department of Human Services             : | |
| 1515 Arch Street                                   : | JURY DEMANDED |
| Philadelphia, PA 19102                        : | |
| *Defendant*         : | |

## PRAECIPE TO ISSUE SUMMONS

**TO THE PROTHONOTARY:**

Kindly issue a Writ of Summons to Defendant, City of Philadelphia, in the above-captioned case.

**LAW OFFICE OF JARED S. ZAFRAN, LLC**

BY:    _____/s/____JSZ_____
JARED S. ZAFRAN, ESQUIRE
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
(215) 587-0038

Date: May 1, 2023

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

| | | |
|---|---|---|
| _____ | : | COURT OF COMMON PLEAS |
| *Plaintiff* | : | |
| | : | _____Term, 20_____ |
| vs. | : | |
| | : | No._____ |
| | : | |
| _____ | : | |
| *Defendant* | : | |

To[1]

_____

_____

_____

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

_____

_____

_____

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date:_____

230500121
01 MAY 2023 03:36 pm
G. IMPERATO

10-208 (Rev. 6/14

_____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 230500121

# Court of Common Pleas

_____ Term, 20 _____

No. _____

_____
_Plaintiff_

vs.

_____
_Defendant_

# SUMMONS

Case ID: 230500121

Exhibit "B"

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
A.J. Thomson, Esquire
Attorney ID No. 87844
1500 Walnut Street, Suite 500
Philadelphia, PA   19102
Phone: 215-587-0038

**ATTORNEYS FOR PLAINTIFF**

Filed and Attested by the
Office of Judicial Records
25 SEP 2023 02:42 pm
B. MERCEDES

**MAJOR CASE**

| | |
|---|---|
| CORINNE COLLINS AS P/N/G OF A.W., : <br> J.W., M.W., R.W., and S.W. : <br> 5 Acapella Court : <br> Newark, DE 19713 : <br> *Plaintiff* : <br> vs. : <br> : <br> CITY OF PHILADELPHIA : <br> 1515 Arch Street : <br> Philadelphia, PA : <br> : <br> And : <br> : <br> GEMMA SERVICES : <br> 512 W. Township Line Road : <br> Plymouth Meeting, PA 19462 : <br> : <br> And : <br> : <br> ROSALYN HOOKS : <br> 834 Grant Road : <br> Folcroft, PA 19032 : <br> : <br> And : <br> : <br> KAREN BERNARDINO C/O : <br> CITY OF PHILADELPHIA : <br> 1515 Arch Street : <br> Philadelphia, PA 19103 : <br> : <br> *Defendants* : | PHILADELPHIA COUNTY <br><br> COURT OF COMMON PLEAS <br> MAY TERM, 2023 <br> NO.: 121 |

<u>CIVIL ACTION COMPLAINT</u>

**NOTICE**

**You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and** notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be

entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**1101 Market Street**
**Philadelphia, PA  19107**
**(215) 238-6333**

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado inmediatamente.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio.  Vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

**Asociación De Licenciados De Philadelphia County**
**Servicio de Referencia E Información Legal**
**1101 Market Street**
**Philadelphia, PA  19107**
**(215) 238-6333**

Case ID: 230500121

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**
By: Jared S. Zafran, Esquire                                    **ATTORNEYS FOR PLAINTIFF**
Attorney ID No: 208269
A.J. Thomson, Esquire
Attorney ID No. 87844
1500 Walnut Street, Suite 500
Philadelphia, PA   19102
Phone: 215-587-0038

---

| | |
|---|---|
| CORINNE COLLINS AS P/N/G OF A.W.,  : | |
| J.W., M.W., R.W., and S.W.                : | PHILADELPHIA COUNTY |
| 5 Acapella Court                               : | |
| Newark, DE 19713                            : | COURT OF COMMON PLEAS |
|                             *Plaintiff*          : | MAY TERM, 2023 |
|           vs.                                      : | NO.: 121 |
|                                                       : | |
| CITY OF PHILADELPHIA                  : | |
| 1515 Arch Street                             : | |
| Philadelphia, PA                             : | |
|                                                       : | |
|                And                              : | |
|                                                       : | |
| GEMMA SERVICES                         : | |
| 512 W. Township Line Road            : | |
| Plymouth Meeting, PA 19462           : | |
|                                                       : | |
|                And                              : | |
|                                                       : | |
|  ROSALYN HOOKS                         : | |
| 834 Grant Road                               : | |
| Folcroft, PA 19032                           : | |
|                                                       : | |
|                And                              : | |
|                                                       : | |
| KAREN BERNARDINO C/O             : | |
| CITY OF PHILADELPHIA                  : | |
| 1515 Arch Street                             : | |
| Philadelphia, PA 19103                     : | |
|                                                       : | |
|                             *Defendants*       : | |
|                                                       : | |

## CIVIL ACTION COMPLAINT

1.      Plaintiff Corinne Collins as P/N/G of minors A.W., J.W., M.W., R.W., and S.W. is

3

Case ID: 230500121

a citizen and resident of the State of Delaware residing at 5 Acapella Court in Newark, Delaware 19713.

2.     Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania with an address for service at 1515 Arch Street Philadelphia, PA 19103. Defendant outflows its governmental authority through the Philadelphia Department of Human Services ("DHS"), which petitions for the Courts of the Commonwealth to declare children dependent and then monitors children placed in foster care with the express duty to ensure children's safety in those placements

3.     Defendant, Gemma Services, which formerly operated as the Village, is a domestic nonprofit corporation with an address of 512 W. Township Line Road in Plymouth Meeting, PA 19462.

4.     Defendant, Karen Bernardino, is sued in her official capacity as an employee of the Department of Human Services and has an address for that work of 1515 Arch Street Philadelphia, PA 19103.

5.     Defendant, Rosalyn Hooks, is an adult individual and citizen of Pennsylvania with an address of 834 Grant Road in Folcroft, Pennsylvania 19032.

6.     At all times relevant and material hereto, Plaintiff's minor children, were under the custody, care, and/or control of Defendant City of Philadelphia's DHS agency.

7.     At all times relevant, Plaintiff's minor children were placed in foster care with Rosalyn Hooks, an agent and employee of Gemma Services, formerly known as The Village.

8.     At all times relevant, Defendant City of Philadelphia acted through its employees, agents, contractors, and/or subcontractors.

9.     At all times relevant, Defendant Karen Bernardino was employed and acted as an

Case ID: 230500121

agent and employee of the City of Philadelphia.

**FACTS**

10. In December 2021, Corinne Collins was awarded the adoption of her five biological grandchildren, bringing to a close a years-long odyssey in the fight for a family's reunification. What should have been a happy moment, a grandmother being given the opportunity to care for her grandchildren, was tainted by the events of the past few years wherein Collins was forced to battle with the Defendants City of Philadelphia in order to simply take custody of her five grandchildren and remove them from an abusive home.

11. Corinne's near-Sisyphean task, which predates the birth of R.W., began after A.W.'s hospitalization resulting from a seizure disorder. Corinne took a five week leave of absence from work to sit with A.W. while he was hospitalized at Lehigh Hospital and, subsequently, CHOP, even suffering a torn rotator cuff to prevent A.W. from leaping from his bed.

12. DHS filed a dependency petition for only A.W., initially.

13. At the adjudication hearing, which took place on July 19, 2016, before Judge Lyris Younge, Corinne was barred from the courtroom and the children's biological mother was handcuffed and placed in a holding cell for several hours.

14. Representing the children was Patrice Langenbach, Esq. from the Defenders Association of Philadelphia, who incorrectly informed Corinne that, as she lived in Delaware and could not receive them, the other children were to be placed in foster care as well.

15. Corinne accepted that incorrect version of the law told to her by the children's child advocate and continued to follow the dependency case as it continued under the supervision of Judge Younge, who has since been removed from Family Court and was suspended by the Court of Judicial Discipline for her actions in other cases in her courtroom in which Patrice Langenbach

Case ID: 230500121

was a frequent Child Advocate.

16.     S.W., J.W., and M.W. were placed in foster care with Rosalyn Hooks through what was then known as Defendant The Village and is now known as Gemma Services.

17.     In November 2016, as A.W. was preparing for discharge from CHOP, Corinne Collins was recovering from surgery to repair the rotator cuff tear she suffered while watching over A.W. As A.W. required an appropriate level of medical care that Corinne could not meet while convalescing, he was placed at Pediatric Specialty Care and eventually with Rosalyn Hooks and the other children.

18.     In January of 2017, R.W. was born, and, upon his discharge from the hospital, was placed with Rosalyn Hooks and the other children.

19.     Upon taking R.W. as a foster child, her fifth, Rosalyn Hooks received approximately $5500 per month in stipend.

20.     Rosalyn Hooks was a postal worker making approximately $40,000 in 2017.  She owned a home in Folcroft, Pennsylvania, where she lived with her foster children.

21.     On December 20, 2017, Rosalyn Hooks purchased a home at 2754 N. 24th Street in Philadelphia, Pennsylvania at Sheriff's Sale for $25,000 cash.

22.     The funding for this purchase was made possible solely by the monthly stipend for foster care for the five children placed with her.

23.     Despite Corinne Collins and the paternal grandfather of A.W., J.W., M.W., R.W., and S.W. offering themselves as resources, DHS and Defendant Gemma Services did not explore them as options, as both were out of state.

24.     In October 2017, the rights of the biological parents of A.W., J.W., M.W., R.W., and S.W.  were terminated, leading Corinne Collins to file Petitions to Adopt the children in April

Case ID: 230500121

2018.

25.     After her earlier attempts to become a kinship resource for her grandchildren were rebuffed by Patricia Langenbach, Corrine Collins asserted her rights and filed an adoption petition for her grandchildren.  She also petitioned for visitation rights, which eventually resulted only in supervised visitation between her and her grandchildren.

26.     Rather than support the adoption of A.W., J.W., M.W., R.W., and S.W. by their grandmother, DHS and Defendant Gemma Services actively supported a petition of Rosalyn Hooks to adopt these children.

27.     DHS and Gemma services workers repeatedly coerced and emotionally and psychologically manipulated the children to profess a preference to stay with Rosalyn Hooks.

28.     Rosalyn Hooks filed her own petition to adopt the children in 2019.

29.     DHS and Gemma Services repeatedly bent over backwards to prop up Rosalyn Hooks as the more appropriate home for the five children, despite glaring issues with her parenting and supervision of the children.

30.     DHS and Gemma purposefully never completed a home assessment during this time, as it would reveal that Rosalyn Hooks did not have the capacity to work full time and care for the children, including A.W., who was physically disabled.

31.     Rosalyn Hooks had two children during the time she fostered the children.  Both times she actively concealed the pregnancies.

32.     Hooks concealed her second child so effectively that Gemma Services employees were unaware of the pregnancy until Corinne Collins informed them.

33.     Corinne Collins herself found out about the second child during a video visit when M.W. told her about "their new brother."

7

34.     DHS and Gemma services purposefully ignored and did not report to the dependency Court that Rosalyn Hooks was pregnant since her second pregnancy required a waiver.

35.     Gemma Services and DHS facilitated a waiver to this heretofore unknown pregnancy.  At no point did this change their position that Ms. Hooks was not the ideal foster parent for these children.

36.     Rosalyn Hooks', DHS' and Gemma Services' purposeful concealment of the pregnancy kept the Dependency Court from properly reviewing the living situation of the five children in a house with two infants under 4 years old.

37.     While the agencies should have realized that Ms. Hook's continued fostering of the children at this time was problematic, since she was already placing the children in daycare all day for 6 days, DHS and Gemma Services continuously supported Ms. Hook's adoption petition and ignored other clear issues in the home.

### PHYSICAL & PSYCHOLOGICAL ABUSE

38.     Three separate reports of abuse by Hooks were made during the course of the children's stay in the home.  Each was marked "unfounded."

39.     The children often went to bed hungry and were barred from eating the same foods as Hooks and her paramour Khalil Hill and their children ate.

40.     The children, especially S.W., were threatened with having their hands cut off  on multiple occasions.

41.     The children had their own food and Hooks, Hill and Hooks' children had separate, better food.

42.     The children were told to refrain from reporting any problems to social workers that visited the home.  They were consistently intimidated and frightened by Hooks.  Hooks sat

Case ID: 230500121

outside of the camera view during zoom visits in the pandemic to ensure that the children did not report anything negative to Corinne Collins.

43.     Rather than actively care for the children after school, Rosalyn Hooks enrolled them in an after-school program and placed them in daycare for full days each Saturday.  This allowed her to work on her rental property.

44.     Hooks placed the children in daycare six days a week and in the summer time throughout the day.  This was all state-paid child-care, so Ms. Hooks was free to use more of her funds to rehabilitate the home she purchased in Philadelphia to turn into a rental.

45.     During the course of the time at the Hooks' home, the children were routinely physically and emotionally abused.

46.     Specifically, R.W., the youngest of the children, was spanked and punched by Ms. Hooks on numerous occasions.

47.     A.W., a special-needs child with severe epilepsy, was mocked on an almost daily basis by Hooks and Hill for his disabilities.

48.     S.W., M.W. and J.W. were on numerous occasions forced to undergo the punishments described below on a regular basis.

49.     In violation of criminal law and foster care directive, Hooks and sometimes Hill forced the children to stay in a push-up position for long periods of time.

50.     The children were forced to sleep without sheets, pillows and blankets despite Hooks receiving thousands each month for their care.

51.     Hooks refused to spend the stipend money on clothes for the children, who were forced to wear donated clothes that Hooks received from other families.

52.     The children were subjected to flea and bedbug infestations.  DHS ignored this

Case ID: 230500121

issue for over a year until Corinne Collins finally forced DHS to have Hooks remove the flea infestation.

53.     Another frequent corporal punishment inflicted by Hooks and sometimes by Hill was forcing the children to stand in a corner with a heavy item held over their head for extended periods of time.

54.     Despite these clear violations of foster care regulations, Defendant Gemma Services and DHS did not remove the children from Hooks' home.

55.     The fact that Hooks was simply using the kids as a money-making endeavor was clear at all times, but Defendant Gemma Services and DHS affirmatively concealed this information at Dependency Court hearings.

56.     In another example of Hooks' financial-only interest in the children, during 2020 amid the COVID-19 pandemic, in-person visits were put on hold by DHS, meaning Corinne Collins was no longer able to physically be with her grandchildren. Naturally, Corinne requested for a virtual visitation with the grandchildren, but was informed by the DHS assigned CUA agency that Rosalyn Hooks didn't have enough storage on her cell phone to download any further apps than the ones that she had.

57.     According to Hooks, none of the grandchildren had a working device that could allow virtual visitation to take place.

58.     Taking matters into her own hands, and at the suggestion of the DHS assigned CUA agency, Corinne purchased a device for the children that would be used for virtual visitation. After contacting Rosalyn Hooks to help configure the device, Corinne was informed that Hooks did not have internet access in her home.

59.     Hooks asked "who is going to pay for the wi-fi" despite her monthly stipend of

Case ID: 230500121

$5500 for care of the children.

60.     Hooks' next move was not to help facilitate any way by which the grandchildren and Grandmother could visit virtually. Hooks' next move was to ask whether Corinne would pay for internet access for the house.

61.     In 2020 and 2021, the children packed their things in order to run away from Hooks home, but eventually abandoned the idea for fear that they would be punished by Hooks.  S.W., the oldest, realized that DHS and Gemma Services were working to prevent the children from leaving Hooks home.  He was deathly afraid of what Hooks and Hill may do to them if they found out and the kids were returned there.

### ADOPTION PROCEEDINGS

62.     Both Hooks and Corinne Collins had adoption petitions in active litigation from 2018-2021.

63.     DHS and Gemma Services sided with Hooks despite the abuse described above.

64.     S.W., the oldest of the children, was of a particular focus, as he reached the age of 12 during proceedings and his consent was required to any adoption.

65.     S.W. stated his intentions to be adopted by his grandmother during the pre-trial phase of the adoption proceedings.

66.      Hooks, DHS and Gemma Services employees told S.W. that he would be separated from his family if he was adopted by his grandmother along with other lies that eventually influenced S.W. to change his mind.

67.     M.W. was also pressured by Hooks to say that he wanted to live with her instead of his grandmother.

68.     This pressure was especially bad as M.W. was the one who told his grandmother

Case ID: 230500121

about the second child.  M.W. was turned psychologically manipulated and turned against his grandmother for reporting the existence of Hooks second natural child.

69.     Rosalyn Hooks' paramour, Khalil Hill, who was not disclosed to DHS as a spouse, was active in the home and emotionally and physically abused the children.

70.     Shortly before the trial on the adoption petitions, S.W. reported that Khalil Hill had struck S.W for taking a cookie.

71.     This report of an assault in Hooks' home should have been investigated at the State level and, if done properly, would have negatively impacted Hooks' petition to adopt the children.

72.     DHS and Gemma Services could not have this fly in the ointment of their plan to permanently place A.W., J.W., M.W., R.W., and S.W. with Hooks over their grandmother.

73.     Instead of referring the inquiry for investigation, DHS and Gemma Services worked to have S.W. recant the allegations so they would be marked "unfounded" before the adoption trial in August 2021.

74.     In April 2021, S.W. reported that he was abused in the home by Khalil Hill at the in the presence of Rosalyn Hooks.

75.     At the time, the children were splitting time living with Corinne Collins four days a week and Rosalyn Hooks on the other three.

76.     DHS employees contacted Corinne Collins and requested that she take the children on an emergency basis, because of the report of abuse in Hooks' home.

77.     Corinne Collins immediately took the children into her home on what was then a full-time basis.

78.     DHS employee Karen Bernardino, who was the Interstate Compact Placement of Children coordinator in this case, contacted Corinne Collins during this time in April 2021 and

Case ID: 230500121

requested to come for an unspecified visit.

79.     Karen Bernardino's reason for visiting was not related to the process of home certification in any way.

80.     In fact, Karen Bernardino's participation in any way by speaking to S.W. about the abuse allegations was expressly prohibited by foster care and DHS regulations.

81.     Karen Bernardino came to the home and requested to meet S.W. privately in his room and was permitted to do so.

82.     Karen Bernardino pressured S.W. repeatedly to recant his report of abuse.

83.     S.W. was abused and threatened repeatedly and punished repeatedly by Hooks and Hill in the past.

84.     During the meeting with Karen Bernardino, S.W. felt threatened by Bernardino and her suggestions that he was going to be punished for reporting the abuse when he went back to live with Hooks and Hill.

85.     S.W. recanted the allegations under this duress imposed by Karen Bernardino.

86.     After securing the recantation critical to keeping Hooks' and Defendants Gemma Services' and DHS' plot to keep the kids with Hooks, Karen Bernardino reported the recantation.

87.     With Karen Bernardino's false recantation in hand, the state quickly obliged and marked the abuse allegations unfounded.

88.     Corinne Collins received a phone call from DHS, and S.W. and the rest of the children were then returned to Ms. Hooks' home on the part time basis.

89.     This duplicity by Karen Bernardino directly violated the Civil Rights of the children to have their abuse properly investigated and adjudged.

90.     The children were repeatedly physically abused after returning to the Hooks home

13

Case ID: 230500121

in April 2021 and up until the August 2021 adoption trial.

91. At one point prior to the adoption trial, S.W. appeared unkempt at a visit to Ms. Collins' home at which he told Ms. Collins' that he was growing his hair out to have cornrows. S.W., a pre-teen Caucasian child at the time. Clearly, the influence of his placement had been strongly effective in beginning to change S.W.'s racial identity. DHS and Gemma Services ignored this clear indication of psychological and emotional abuse and permitted A.W., J.W., M.W., R.W., and S.W. to remain in the home despite Ms. Hook's moving on and starting her own family.

92. When presented with clear evidence that the children would be better off with their grandmother and Rosalyn Hooks' had clearly decided to start her own family, DHS and Gemma Services still advocated for Rosalyn Hooks' petition.

93. DHS and Gemma Services support for the multi-year sham foster family came crashing to the ground on August 11, 2021, when the trial on the adoption petitions began before Honorable Judge Walter Olszewski.

94. After a short number of questions, Rosalyn Hooks was afforded Fifth Amendment counsel by the Court and after a short recess, Ms. Hooks withdrew her adoption petition.

95. Rosalyn Hooks, who heretofore represented herself as single living away from paramour, was confronted on the stand at trial with a civil action complaint that she filed for civil damages related to an accident in which Khalil Hill was identified as her husband. She sought loss of consortium damages in the action as well.

96. Rosalyn Hooks also identified her address at the time as 824 S. Cecil Street in Philadelphia, Pennsylvania. At the time, Hooks maintained the children at a home in Folcroft, Pennsylvania.

Case ID: 230500121

97.     Once Hooks was confronted with these falsehoods, she quickly withdrew her petition, dashing all of the efforts of DHS and Gemma Services to destroy Corrinne Collins' relationship with her grandchildren and the ability of A.W., J.W., M.W., R.W., and S.W. to maintain their family.

98.     DHS, the DHS-appointed foster agency, and Rosalyn Hooks conspired to keep a loving grandmother separated from her grandchildren for years all on a foundation of lies and efforts by DHS and Gemma Services to force the grandchildren to "choose" Hooks over Corinne Collins.

99.     The harshest resistance offered by DHS and the DHS appointed CUA agency was against Corinne Collins' attempts to be there for her grandchildren, not against the woman who was beating them, physically punishing them, neglecting them, and enriching herself off of funds provided for their care.

100.     When Hooks withdrew her petition, her DHS-paid attorney on her adoption petition and some of the child advocates were concerned with removing the children from Ms. Hooks' home without a transition plan.  DHS-paid adoption attorney openly advocated for Ms. Hooks to remain a part of the lives of A.W., J.W., M.W., R.W., and S.W.

101.     However, after the exposure at trial in August 2021 of the true nature of this foster-parent relationship, Ms. Hooks never made any effort to remain in their lives and never spoke with the children again.

102.     Corinne Collins finally adopted her grandchildren after five years of state-sponsored separation in December 2021.

103.     Even after the adoption was final, Ms. Hooks applied to receive the full federal child-care tax credit for 2021 after not having the children at all following the August hearing and

Case ID: 230500121

only partially for much of 2021.   The gall exhibited here was especially high, since after the adoption, Ms. Hooks could not have possibly considered these children hers.

104.    The above parting act is a clarion call to the Court to see this "foster" relationship that was sustained for years by Defendant Gemma Services and DHS as nothing but a profit center for Hooks and Defendant Gemma Services.

105.    Today, A.W., J.W., M.W., R.W., and S.W., live with their grandmother and continue to relive the pain and psychological impact of the five years in which DHS and Gemma Services continuously subjected them to the home of someone who was consistently abusing them and just using them for a check.

**COUNT I NEGLIGENCE**
**PLAINTIFF CORINNE COLLINS and PNG of A.W., J.W., M.W., R.W., and S.W.  V.**
**DEFENDANT GEMMA SERVICES**

106.    Plaintiff Corinne Collins, incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein at length.

107.    At all times material, Defendant, Gemma Services, acted by and through its employees, servants, agents, and workmen and workwomen, including all social workers and case managers.

108.    At all times material, Defendant, Gemma Services, acted by and through their foster parent/employee Rosalyn Hooks.

109.    The negligence of Defendant, Gemma Services, consisted of the following:

    (a)    Failing to adequately screen, supervise, and/or monitor foster parent Rosalyn Hooks in their system;

    (b)    Failing to properly ensure that there were no unauthorized individuals present at the foster home of Plaintiff;

16

Case ID: 230500121

(c)     Failing to properly investigate the home of Rosalyn Hooks to ensure that A.W., J.W., M.W., R.W., and S.W. were in a safe environment;

(d)     Failing to prevent their employees from telling S.W. that his family would be separated if he was adopted by his grandmother;

(e)     Failed to prevent Rosalyn Hooks from physically and emotionally abusing A.W., J.W., M.W., R.W., and S.W.;

(f)     Failed to prevent Rosalyn Hooks' paramour Khalil Hill from physically abusing A.W., J.W., M.W., R.W., and S.W.;

(g)     Failing to inform DHS of the actual conditions of the home in which A.W., J.W., M.W., R.W., and S.W. lived;

(h)     Failing to properly screen and hire staff that would properly and adequately enforce any and all rules and regulations in foster care homes operated by Defendant;

(i)     Failing to properly supervise staff to ensure that all rules and regulations were being properly and adequately enforced for the well-being of the foster children;

(j)     Failing to properly record rule violations by any staff and/or employees;

(k)     Failing to recommend removal of A.W., J.W., M.W., R.W., and S.W. after numerous complaints of abuse of the children by Rosalyn Hooks and her husband;

(l)     Failing to report numerous violations of foster care rules and regulations by Rosalyn Hooks;

(m)     Failing to determine that the foster parent was simply using the stipends

17

Case ID: 230500121

provided to Rosalyn Hooks for her personal benefit;

(n)     Actively encouraging the children to lie to DHS, Child Advocates and Guardians Ad Litem regarding their true feelings about placement with Corinne Collins instead of Rosalyn Hooks;

(o)     Failing to properly respond to the needs, fears, complaints and/or concerns of the foster children under their supervision, including Plaintiff; and,

(p)     Failing to properly enforce and/or address any and all staff rule violations.

110.     As a direct and proximate result of Defendant's negligence, A.W., J.W., M.W., R.W., and S.W. were physically and psychologically abused.

111.     As a further direct and proximate result of Defendant's negligence, W., J.W., M.W., R.W., and S.W., suffered severe physical, mental, and psychological pain and anguish, post-traumatic stress-disorder, isolation, anxiety, stress, and other psychological impacts and conditions that have or may be in the future diagnosed by medical professionals.

112.     As a further direct and proximate result of Defendant's negligence, A.W., J.W., M.W., R.W., and S.W., may incur various reasonable and necessary future medical expenses from the emotional and psychological injuries they sustained, for which this Defendant is solely liable.

113.     As a further direct and proximate result of Defendant's negligence, A.W., J.W., M.W., R.W., and S.W., have suffered and continue to suffer emotional distress and loss of life's pleasures, and they may continue to suffer same for an indefinite time in the future, all to their ongoing detriment and loss.

WHEREFORE, Corinne Collins, as parent and natural guardian of A.W., J.W., M.W., R.W., and S.W., respectfully requests that this Court enter judgment in Plaintiff's favor in excess

Case ID: 230500121

of $50,000 together with any other relief the Court deems appropriate.

## COUNT II CIVIL RIGHTS ACTION
### PURSUANT TO 42 U.S.C. §1983
### PLAINTIFF CORINNE COLLINS and PNG of A.W., J.W., M.W., R.W., and S.W.  V. DEFENDANT KAREN BERNARDINO

114.    Plaintiff Corinne Collins, incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein at length.

115.    At all times material, A.W., J.W., M.W., R.W., and S.W., were placed in foster care administered and supervised by DHS and its contract agency Gemma Services.

116.    At all times material, DHS Karen Bernardino visited the Corinne Collins as part of her regular duties with DHS.

117.    At all times material, Karen Bernardino's acts were done under the color of state law.

118.    At all times material, DHS employee Karen Bernardino was aware that A.W., J.W., M.W., R.W., and S.W. were the subject of physical abuse and corporal punishment imposed by Rosalyn Hooks and her paramour Khalil Hill, which caused pain and mental anguish.

119.    At all times material, A.W., J.W., M.W., R.W., and S.W. had a constitutionally protected right to bodily integrity and personal security and equal protection of those rights under the Fourteenth Amendment to the United States Constitution.

120.    At all times material, DHS Karen Bernarndino owed a statutory duty to ensure the welfare of A.W., J.W., M.W., R.W., and S.W., pursuant to 23 Pa.C.S. §6301, the Pennsylvania Child Protective Services Law (CPSL).

121.    Through her actions in April 2021, Karen Bernardino overcame the will of S.W.

19

Case ID: 230500121

to report the abuse he suffered in the Hooks' home and forced him to recant his report by threatening him.

122.    These affirmative acts facilitated A.W., J.W., M.W., R.W., and S.W. to remain in an abusive foster home despite receiving direct evidence that the children were physically and psychologically abused.

123.    A.W., J.W., M.W., R.W., and S.W.  were abused physically and mentally after returning to Hooks home until August 2021, when she withdrew her adoption petition after finally being confronted with her falsehoods in open court.

124.    DHS employee Karen Bernardino knowingly placed A.W., J.W., M.W., R.W., and S.W. in immediate foreseeable harm in the foster home in violation of their civil rights and continued to advocate that they remain in danger by supporting the return of the children to Hooks and the proposed adoption of the children by Ms. Hooks.

125.    DHS Karen Bernardino knowingly placed A.W., J.W., M.W., R.W., and S.W. in danger and took affirmative actions to violated that civil rights of the children.

126.    As a further direct and proximate result of Defendant's negligence, W., J.W., M.W., R.W., and S.W., suffered severe physical, mental, and psychological pain and anguish, post-traumatic stress-disorder, isolation, anxiety, stress, and other psychological impacts and conditions that have or may be in the future diagnosed by medical professionals.

127.    As a further direct and proximate result of Defendant's negligence, A.W., J.W., M.W., R.W., and S.W., may incur various reasonable and necessary future medical expenses from the emotional and psychological injuries they sustained, for which this Defendant is solely liable.

128.    As a further direct and proximate result of Defendant's negligence, A.W., J.W.,

Case ID: 230500121

M.W., R.W., and S.W., have suffered and continue to suffer emotional distress and loss of life's pleasures, and they may continue to suffer same for an indefinite time in the future, all to their ongoing detriment and loss.

WHEREFORE, Corinne Collins, as parent and natural guardian of A.W., J.W., M.W., R.W., and S.W., respectfully requests that this Court enter judgment in Plaintiff's favor in excess of $50,000 together with any other relief the Court deems appropriate including costs and attorney fees.

### COUNT III ASSAULT & BATTERY
### PLAINTIFF CORINNE COLLINS and PNG of A.W., J.W., M.W., R.W., and S.W.  V. DEFENDANT ROSALYN HOOKS

129.    Plaintiff Corinne Collins, incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein at length.

130.    As described above, Defendant Rosalyn Hooks physically struck AW., J.W., M.W., R.W., and S.W..

131.    As described above, Defendant Rosalyn Hooks imposed physical and corporal discipline on AW., J.W., M.W., R.W., and S.W..

132.    As a direct and proximate result of Defendant's actions, AW., J.W., M.W., R.W., and S.W., suffered severe physical, mental, and psychological pain and anguish, post-traumatic stress-disorder, isolation, anxiety, stress, and other psychological impacts and conditions that have or may be in the future diagnosed by medical professionals.

133.    As a direct and proximate result of Defendant's actions A. W., J.W., M.W., R.W., and S.W., may incur various reasonable and necessary future medical expenses from the emotional and psychological injuries they sustained, for which this Defendant is solely liable.

134.    As a direct and proximate result of Defendant's negligence, Plaintiff,  A.W., J.W.,

Case ID: 230500121

M.W., R.W., and S.W., have suffered emotional distress and loss of life's pleasures, and they may continue to suffer same for an indefinite time in the future, all to their ongoing detriment and loss.

WHEREFORE, Corinne Collins, as parent and natural guardian of A.W., J.W., M.W., R.W., and S.W., respectfully requests that this Court enter judgment in Plaintiff's favor in excess of $50,000 together with any other relief the Court deems appropriate.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFF CORINNE COLLINS and PNG of A.W., J.W., M.W., R.W., and S.W.**
**V.**
**DEFENDANT ROSALYN HOOKS**

135.    Plaintiff Corinne Collins, incorporates, by reference thereto, all paragraphs above, inclusive as though the same were set forth herein at length.

136.    Throughout the time the children were at her home, Hooks threatened them that they would be split up if they were taken from her.

137.    Throughout the time, Hooks withheld food from the children all the while feeding herself and her natural family whatever they wanted.

138.    AW., J.W., M.W., R.W., and S.W. were repeatedly forced to tell DHS and Gemma Services workers that they were happy in Hooks home because she told them that they would be punished if they did not.

139.    AW., J.W., M.W., R.W., and S.W. were told by Hooks that their grandmother was old and that she would die soon.  They were told that if they were adopted by here, they would be split up upon her death.

140.    Hooks continuously threatened and lied to the children so that she could maintain their monthly stipend, which exceeded her monthly salary income and allowed her to buy and

22

Case ID: 230500121

rehabilitate an investment property.

141.    As a direct and proximate result of Defendant's actions, AW., J.W., M.W., R.W., and S.W., suffered severe physical, mental, and psychological pain and anguish, post-traumatic stress-disorder, isolation, anxiety, stress, and other psychological impacts and conditions that have or may be in the future diagnosed by medical professionals.

142.    As a direct and proximate result of Defendant's actions A.W., J.W., M.W., R.W., and S.W., may incur various reasonable and necessary future medical expenses from the emotional and psychological injuries they sustained, for which this Defendant is solely liable.

143.    As a direct and proximate result of Defendant's negligence, Plaintiff, AW., J.W., M.W., R.W., and S.W., has suffered emotional distress and loss of life's pleasures, and she may continue to suffer same for an indefinite time in the future, all to their ongoing detriment and loss.

WHEREFORE, Corinne Collins, as parent and natural guardian of A.W., J.W., M.W., R.W., and S.W., respectfully requests that this Court enter judgment in Plaintiff's favor in excess of $50,000 together with any other relief the Court deems appropriate.

### COUNT V
### CIVIL RIGHTS ACTIONPURSUANT TO 42 U.S.C. §1983
### PLAINTIFF CORINNE COLLINS and PNG of A.W., J.W., M.W., R.W., and S.W.  V.
### DEFENDANT CITY OF PHILADELPHIA

144.    Plaintiff Corinne Collins incorporates by reference thereto all paragraphs above inclusive, as though the same were set forth herein at length.

145.    Defendant, City of Philadelphia, is a municipal entity that is subject to suit pursuant to 42 U.S.C § 1983.

146.    At all times material, Defendant City of Philadelphia acted through

Case ID: 230500121

employees of the DHS, including Karen Bernardino.

147.    A.W., J.W., M.W., R.W., and S.W. each had a constitutionally protected right to bodily integrity and personal security and safety and equal protections under the 14th Amendment to the United States Constitution.

148.    At all times material hereto, Defendant, City of Philadelphia, acted under color of state law and/or regulation and by and through their agents, ostensible agents, and/or employees.

149.    A.W., J.W., M.W., R.W., and S.W. were physically abused by Hooks and Hill after their foster care with them was reinstituted following Defendant Bernardino's coercion of S.W.'s recantation regarding the abuse suffered under Hooks and Hill from April 2021 through August 2021.

150.    The abuse suffered by the children was the direct result of affirmative actions and policies of the Defendant City of Philadelphia, in immediate harm through a state-created danger in violation of her civil rights by placing her in the care of Defendant Rosalyn Hooks and her paramour Khalil Hill.

151.    Defendant, City of Philadelphia entered into a special relationship with A.W., J.W., M.W., R.W., and S.W. when DHS placed them with Hooks.

152.    A.W., J.W., M.W., R.W., and S.W. abuse after being placed back with Hooks and Hill was foreseeable as three abuse allegations had already been made and the Commonwealth DHS agency was actively investigating.

153.    As a direct and proximate results of the affirmative acts Defendant, City of Philadelphia, through its employees in manipulating the investigation that would have finally

Case ID: 230500121

removed A.W., J.W., M.W., R.W., and S.W. from Hooks home, A.W., J.W., M.W., R.W., and S.W. were physically and emotionally abused again between April 2021 and August 2021.

154.    Defendant Karen Bernardino acted in a way in which her authority created the danger by nullifying the abuse report through the coerced recantation.  But for this recantation, the children would not have been placed back in Hooks home at all.

155.    As a direct and proximate result of Defendant's actions, AW., J.W., M.W., R.W., and S.W., suffered severe physical, mental, and psychological pain and anguish, post-traumatic stress-disorder, isolation, anxiety, stress, and other psychological impacts and conditions that have or may be in the future diagnosed by medical professionals.

156.    As a direct and proximate result of Defendant's actions A.W., J.W., M.W., R.W., and S.W., may incur various reasonable and necessary future medical expenses from the emotional and psychological injuries they sustained, for which this Defendant is solely liable.

157.    As a direct and proximate result of Defendant's negligence, Plaintiff, AW., J.W., M.W., R.W., and S.W., have suffered emotional distress and loss of life's pleasures, and they may continue to suffer same for an indefinite time in the future, all to their ongoing detriment and loss.

Case ID: 230500121

WHEREFORE, Corinne Collins, as parent and natural guardian of A.W., J.W., M.W., R.W., and S.W., respectfully requests that this Court enter judgment in Plaintiff's favor in excess of $50,000 together with any other relief the Court deems appropriate, including costs and attorney fees.

THE LAW OFFICE OF JARED S. ZAFRAN, LLC

BY:    /s/ *Jared S. Zafran*
       JARED S. ZAFRAN, ESQUIRE
       *Attorney for Plaintiff*



       _____
       A.J. THOMSON, ESQUIRE
       Attorney for Plaintiff


DATE: 9/14/23

26

Case ID: 230500121

**<u>VERIFICATION</u>**

I, Corinne Collins, parent and natural guardian of A.W., J.W., M.W., R.W., and S.W.,, verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsifications to authorities.

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**


*Corinne A. Collins*
CORINNE COLLINS

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street
Suite 500
Philadelphia, PA   19102
(215) 587-0038



Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
21 SEP 2023 02:41 pm
B. MERCEDES

| | | |
|---|---|---|
| CORINNE COLLINS AS P/N/G OR A.W., | : | |
| J.W., M.W., R.W., and S.W. | : | PHILADELPHIA COUNTY |
| *Plaintiff* | : | COURT OF COMMON PLEAS |
| | : | |
| vs. | : | MAY TERM, 2023 |
| | : | NO.: 230500121 |
| CITY OF PHILADELPHIA, et al | : | |
| *Defendants* | : | |
| | : | |

## <u>PRAECIPE TO REINSTATE</u>

TO THE PROTHONOTARY:

Kindly reinstate the Complaint in the above-captioned matter an additional thirty (30)

days.

**THE LAW OFFICE OF JARED S. ZAFRAN, LLC**

BY: _____/S/_____
JARED S. ZAFRAN, ESQUIRE
*Attorney for Plaintiff*

Date: September 21, 2023

Exhibit "C"

CITY OF PHILADELPHIA LAW DEPARTMENT
**JONAH SANTIAGO-PAGÁN, ESQUIRE**          **ATTORNEY FOR DEFENDANT**
ASSISTANT CITY SOLICITOR
IDENTIFICATION NO. 326442
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA   19102-1595
TEL (215) 683-5428 AND FAX (215) 683-5397
jonah.santiago-pagan@phila.gov

---

|  |  |  |
|---|---|---|
| **CORRINE COLLINS as P/N/G of A.W., J.W., M.W., R.W., and S.W.,** | : | |
| | : | **PHILADELPHIA COUNTY** |
| | : | **COURT OF COMMON PLEAS** |
| **Plaintiffs,** | : | |
| | : | **MAY TERM 2023** |
| **v.** | : | **No. 230500121** |
| | : | |
| **CITY OF PHILADELPHIA, *et al*.** | : | |
| | : | |
| **Defendants.** | : | |

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

**To the Office of Judicial Records:**

Pursuant to 28 U.S.C. § 1446(d), Defendants, City of Philadelphia and Karen Bernardino, by and through the undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

Date: <u>October 2, 2023</u>          <u>*/s/ Jonah Santiago-Pagán*</u>
                              Jonah Santiago-Pagán, Esq.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Corrine Collins as P/N/G of A.W., J.W., M.W., R.W., and S.W. | City of Philadelphia, Gemma Services, Rosalyn Hooks, and Karen Bernardino c/o City of Phildelphia |

**(b)** County of Residence of First Listed Plaintiff    New Castle, DE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jared S. Zafran, Esquire, A.J. Thomson, Esquire
1500 Walnut Street, Suite 500 Philadelphia, PA 19102

Attorneys *(If Known)*
Jonah Santiago-Pagán, Esq. 1515 Arch St, 14th FL, Philadelphia, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
Alleged violation of constitutional rights

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____ DOCKET NUMBER _____

DATE
10/02/2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jonah Santiago-Pagán

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____      Judge: _____      Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year        Yes ☐        No ☐
    previously terminated action in this court?

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit        Yes ☐        No ☐
    pending or within one year previously terminated action in this court?

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier        Yes ☐        No ☐
    numbered case pending or within one year previously terminated action of this court?

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights        Yes ☐        No ☐
    case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____      _____      _____
                                            *Must sign here*
                                  *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**     *Federal Question Cases:*

☐   1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐   2.   FELA
☐   3.   Jones Act-Personal Injury
☐   4.   Antitrust
☐   5.   Patent
☐   6.   Labor-Management Relations
☐   7.   Civil Rights
☐   8.   Habeas Corpus
☐   9.   Securities Act(s) Cases
☐   10.  Social Security Review Cases
☐   11.  All other Federal Question Cases
         *(Please specify): _____*

**B.**     *Diversity Jurisdiction Cases:*

☐   1.   Insurance Contract and Other Contracts
☐   2.   Airplane Personal Injury
☐   3.   Assault, Defamation
☐   4.   Marine Personal Injury
☐   5.   Motor Vehicle Personal Injury
☐   6.   Other Personal Injury *(Please specify): _____*
☐   7.   Products Liability
☐   8.   Products Liability – Asbestos
☐   9.   All other Diversity Cases
         *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
    exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____      *Jonah Santiago-Pagán*      _____
                                  *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CORRINE COLLINS as P/N/G of A.W., J.W.,**          **Civil Action**
    **M.W., R.W., and S.W.,**

**v.**

**CITY OF PHILADELPHIA,** *et al.*          **No.**

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.          ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.          ( **X** )

| October 2, 2023 | Jonah Santiago-Pagán, Esq. | City of Philadelphia and Karen Bernardino |
|---|---|---|
| Date | Attorney-at-law | Attorney for Defendants |
| (215) 683-5428 | (215) 683-5397 | jonah.santiago-pagan@phila.gov |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02